**WARNING: AT LEAST ONE DOCUMENT COULD NOT BE INCLUDED!**
**You were not billed for these documents.**
**Please see below.**

| Document Number | Document Description | Pages | Document Error |
|---|---|---|---|
| Document | Main document | 6 | **DOCUMENT COULD NOT BE RETRIEVED!** **However, it may still be viewable individually.** |
| Document 1 attachment | Attachment | 4 | **DOCUMENT COULD NOT BE RETRIEVED!** **However, it may still be viewable individually.** |

Form FmHA 1940-16
(Rev. 8/87)

**PROMISSORY NOTE**

**Advice No. 2002900007**

TYPE OF LOAN

**RH - 502 - Insured**

STATE
**Kentucky**

COUNTY
**Cumberland**

CASE NO.

Date ___ **June 29** ___ , 19 **89** .

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration.

United States Department of Agriculture, (herein called the "Government") at its office in **Burkesville,** ___

___ **Kentucky 42717** ___

THE PRINCIPAL SUM OF ___ **THIRTY FOUR THOUSAND SEVEN HUNDRED THIRTY** ___

DOLLARS ($ **34,730.00** ___ ), plus INTEREST on the UNPAID PRINCIPAL of

___ **NINE AND THREE-FOURTHS** ___ PERCENT ( ___ **9.75** ___ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to ___ , 19 ___

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in ___ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $ ___ and the amount of such regular installments in the box below. when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the ___

of each ___ beginning on ___ , 19 ___ , through ___ , 19 ___ .

Principal and later accrued Interest shall be paid in ___ installments as indicated in the box below:

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in ___ **396** ___ installments as indicated in the box below:

$ **295.00** ___ on ___ **JULY 28** ___ , 19 **89** , and

$ **295.00** ___ thereafter on the ___ **28TH** ___ of each ___ **MONTH** ___

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE ___ **THIRTY THREE** ___ ( ___ **33** ___ ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

*Position 2*

FmHA 1940-16 (Rev. 8/87)



If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

/s/

Donald Vibbert                    (BORROWER)          (SEAL)

/s/

Mary Vibbert                      (SPOUSE)            (SEAL)


62 Taylor Road

Burkesville, KY 42717


| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ | |

☆ U.S. Government Printing Office: 1987—728-431/61516

 **KENTUCKY**
*COURT OF JUSTICE*

96-P-00045

### IN RE: VIBBERT, MARY LOUISE
**CUMBERLAND DISTRICT COURT**
Filed on **06/12/1996** as **PROBATE** with **HON. STEVE D. HURT**
Disposition on **06/12/1996** of **OTHER** by **HON. STEVE D. HURT**
**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

---

| Parties | 96-P-00045 |
|---|---|

**VIBBERT, DONALD** as **PLAINTIFF / PETITIONER**

| Address |
|---|
| 62 TAYLOR ROAD |
| BURKESVILLE KY 42717 |

**VIBBERT, MARY LOUISE** as **DECEDENT**

| Address |
|---|
| 62 TAYLOR ROAD |
| BURKESVILLE KY 42717 |

**JUDD, HARLAN E. JR.** as **ATTORNEY-PRIVATE**

| Address |
|---|
| P. O. BOX 415 |
| BURKESVILLE KY 42717 |

---

| Documents | 96-P-00045 |
|---|---|

**PETITION TO DISPENSE WITH ADMINISTRATION** filed on **06/12/1996**
*TO REVENUE CABINET*

**ORDER DISPENSING WITH ADMINISTRATION** entered on **06/12/1996**
*TO ALL PARTIES*

| Events | 96-P-00045 |
|---|---|

**PROBATE HEARING** scheduled for **06/12/1996 09:30 AM** in room **\*\*\*\*\*\*** with **HON. STEVE D. HURT**

| Images | 96-P-00045 |
|---|---|

There are no images found for this case.

**\*\*\*\* End of Case Number : 96-P-00045 \*\*\*\***

Exhibit C



### ESTATE OF: VIBBERT, DONALD MED

**KENTUCKY**
*COURT OF JUSTICE*

**CUMBERLAND DISTRICT COURT**
Filed on **02/21/2006** as **PROBATE** with **HON. STEVE D. HURT**
Disposition on **03/01/2006** of **OTHER** by **HON. STEVE D. HURT**
**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

**06-P-00019**

| Parties | 06-P-00019 |
|---|---|

**VIBBERT, MICHAEL** as **PLAINTIFF / PETITIONER**

> **Address**
> P.O. BOX 774
> BURKESVILLE KY 42717

**VIBBERT, DONALD MED** as **DECEDENT**

| Documents | 06-P-00019 |
|---|---|

**PETITION TO DISPENSE WITH ADMINISTRATION** filed on **02/21/2006**

**ORDER DISPENSING WITH ADMINISTRATION** entered on **03/01/2006**
*WILLIAMS LAW OFFICE*

| Events | 06-P-00019 |
|---|---|

**PROBATE HEARING** scheduled for **03/01/2006 09:15 AM** in room **\*\*\*\*\*\*** with **HON. STEVE D. HURT**

| Images | 06-P-00019 |
|---|---|

There are no images found for this case.

**\*\*\*\* End of Case Number : 06-P-00019 \*\*\*\***

Exhibit D

11/16/2004 TUE 13:38 FAX 270 384 3435     USDA RD Columbia (Local)     ☒002

USDA-RHS
Form RD 3550-22
(Rev. 8-99)

FORM APPROVED
OMB NO. 0575-0172

### UNITED STATES DEPARTMENT OF AGRICULTURE
### RURAL HOUSING SERVICE

**ASSUMPTION AGREEMENT
SINGLE FAMILY HOUSING**

| | |
|---|---|
| Type of Loan Assumed | X Section 502 |
| 502 | Section 504 |
| Type of Transferee | X Program Transferee |
| Program | NonProgram Transferee |
| Type of Assumption | New Rates and Terms |
| Same | X Same Rates and Terms    (Deceased Father) |
| Sellers Case No: | |
| Transferee Case No: | |

This Agreement dated    11/16/04    is between the United States of America, acting through the Rural Housing Service, its successors and assigns (herein called the Government) and    Mark & Debra Vibbert

(herein called the Borrower or transferee), whose mailing address is:   62 Taylor Road, Burkesville, KY   42717

The Government is the holder of one or more of the following debt instruments executed,   Donald & Mary Vibbert   (the sellers), which instrument is secured by real property located in

Cumberland    County, State of.    Kentucky    pursuant to the following security instruments:

| Type of Debt Instrument | Date Executed | Original Principal | Interest Rate | Type of Security Instrument | Date Executed | Office Where Recorded | Book/Volume Document No. | Page No. |
|---|---|---|---|---|---|---|---|---|
| Prom Note | 6/29/89 | 34,730. | 19.75% | RE Mortgage | 6/29/89 | Court Clerk | N-1 | 494-497 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

In consideration of the assumption of the indebtedness as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. The Borrower will assume the indebtedness and obligations of the above described debt and security instruments on (check only one):
☐ Same rates and terms; or
☐ New rates and terms with an interest rate of _____ percent(_____%) per annum, the principal sum of _____ dollars ($_____), with the first installment of principal and interest of $_____ due on _____, and $_____ thereafter on the _____ of each month until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not paid sooner, shall be due and payable (_____) years from the date of this Agreement. Borrower shall escrow taxes and insurance in accordance with Agency regulations. By execution of this agreement borrower becomes personally obligated to repay the principal and interest to the Government on the terms stated herein.
2. Payments of principal and interest shall be applied in accordance with Government's accounting procedures in effect on the date of receipt of the payments. If Borrower's payment has not been received by the end of 15 days after it becomes due, Borrower will pay a late charge of 4% % of the overdue payment of principal and interest.
3. The provision of the debt and security instruments hereby assumed shall, except as modified herein, remain in full force and effect, and Borrower assumes the obligations of and agrees to comply with all covenants, agreements, and conditions in said instruments, as modified here, as though Borrower had executed them as of the date thereof as principal obligors. Borrower agrees to be personally liable to the Government for the repayment of the obligation assumed herein. Nothing contained herein shall be construed to release the seller from liability on the above described debt instruments.
4. Any provision of the debt or security instruments which requires that the Borrower occupy the Government financed dwelling or refinance to another credit source does not apply to assumption by a non-program transferee.
5. This agreement is subject to present regulations of the Government and to its future regulations which are not inconsistent with the express provisions hereof:

| UNITED STATES OF AMERICA | |
|---|---|
| RURAL HOUSING SERVICE | (Borrower)  Mark Vibbert |
| By: _____ | |
| Title: _____ | (Borrower)  Debra Vibbert |
| Date: 11/16/04 | |
| Address: 939 Campbellsville Rd. | |
| Columbia KY 42728 | (Cosigner) |

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Exhibit E

22/16/2004 TUE 13:39 FAX 270 384 3435     USDA RD Columbia (Local)     ☒005

Form RD 3550-12
(Rev. 8-00)

**United States Department of Agriculture**
**Rural Housing Service**

Form Approved
OMB No. 0575-0172

## SUBSIDY REPAYMENT AGREEMENT

1. As required under section 521 of the Housing Act of 1949 (42 U.S.C. 1490a), subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or nonoccupancy of the security property. Deferred mortgage payments are included as subsidy under this agreement.

2. When I fail to occupy or transfer title to my home, recapture is due. If I refinance or otherwise pay in full without transfer of title and continue to occupy the property, the amount of recapture will be calculated but, payment of recapture can be deferred, interest free, until the property is subsequently sold or vacated. If deferred, the Government mortgage can be subordinated but will not be released nor the promissory note satisfied until the Government is paid in full. In situations where deferment of recapture is an option, recapture will be discounted 25% if paid in full at time of settlement.

3. Market value at time of initial subsidy $ __35,000__ less amount of Rural Housing Service (RHS) loans $__35,000.__ less amount of any prior liens $ __0.00__ equals my/our original equity $ __0.00__. This amount equals __1__ % of the market value as determined by dividing original equity by the market value.

4. If all loans are not subject to recapture, or if all loans subject to recapture are not being paid, the amount to be recaptured is computed according to the following formula. Divide the balance of loans subject to recapture that are being paid by the balance of all open loans. Multiply the result by 100 to determine the percent of the outstanding balance of open loans being paid.

5.

| months loan outstanding | 1% | 1.1 2% | 2.1 3% | 3.1 4% | 4.1 5% | 5.1 6% | 6.1 7% | >7% |
|---|---|---|---|---|---|---|---|---|
| 0 - 59 | .50 | .50 | .50 | .44 | .32 | .22 | .11 |
| 60 - 119 | .50 | .50 | .50 | .49 | .42 | .31 | .21 | .11 |
| 120 - 179 | .50 | .50 | .50 | .48 | .40 | .30 | .20 | .10 |
| 180 - 239 | .50 | .50 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 - 299 | .50 | .50 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 - 359 | .50 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 & up | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

*(Header: Average interest rate paid)*

6. Calculating Recapture

Market value (at the time of transfer or abandonment)
LESS
    Prior liens,
    RHS balance,
    Reasonable closing costs,
    Principal reduction at note rate,
    Original equity (see paragraph 3), and
    Capital improvements (see 7 CFR part 3550).
EQUALS
    Appreciation value. (If this is a positive value, continue.)
TIMES
    Percentage in paragraph 4 (if applicable),
    Percentage in paragraph 5, and
    Return on borrower's original equity (100% - percentage in paragraph 3).
EQUALS
    Value appreciation subject to recapture. Recapture due equals the lesser of this figure or the amount of subsidy received.

Borrower agrees to pay recapture in accordance with this agreement.

| Borrower | | Date |
|---|---|---|
| Mark Vibbert | *(signature)* Mark Vibbert | 11/16/04 |
| Borrower | | Date |
| Debra Vibbert | *(signature)* Debra Vibbert | 11/16/04 |

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

*Exhibit F*

## REAMORTIZATION AGREEMENT

Account Number


Effective Date
January 28, 2005

The United States of America, acting through the Rural Housing Service, United States Department of Agriculture (Lender), is the owner and holder of a promissory note or assumption agreement (Note) in the principal sum of $   34730.00, plus interest on the unpaid principal of   9.75000% per year, executed by MARK VIBBERT                      and DEBRA VIBBERT                     , (Borrower) dated      June 29,  1989 and payable to the order of the Lender.  The current outstanding balance includes unpaid principal, accrued unpaid interest, unpaid advances and fees.  The total outstanding balance is $    30032.17.

In consideration of the reamortization of the note or assumption agreement and the promises contained in this agreement, the outstanding balance is capitalized and is now principal to be repaid at  9.75000% per annum at $     299.14 per month beginning  February 28, 2005 and on the 28th day of each succeeding month until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on
     June 28, 2022.

If the outstanding loan balance prior to reamortization was reduced by a payment which was later determined to be uncollectible, Rural Housing Service will charge the account with an amount equal to the uncollectible payments.  This amount is due and payable on the effective date it is charged to the account and may accrue interest at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower shall pay to lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes and assessments which may attain priority over Lender's mortgage or deed of trust (Security Instrument) as a lien on the secured property described in the Security Agreement (Property); (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any.  These items are called "Escrow Items."  Lender may, at any time, collect and hold funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan, may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law or federal regulation that applies to the funds sets a lesser amount.  If so, Lender may, at any time, collect and hold funds in an amount not to exceed the lesser amount.  Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

Vibbert, Mark & Debra



Exhibit G

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity.  Lender shall apply funds to pay the Escrow Items.  Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge.  However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise.  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made.  The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law.  If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency.  Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.  If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_Mark Vibbert_ _____ Date 2-8-05
Borrower

_Debra Vibbert_ Date 2-8-05
Borrower

9/348

CIVIL ACTION NO. 05-C-00022          CUMBERLAND DISTRICT COURT

CUMBERLAND COUNTY HOSPITAL                    PLAINTIFF

VS.                    NOTICE OF JUDGMENT LIEN

DONALD VIBBERT                                DEFENDANT

Notice is hereby given that in the above styled and numbered action, judgment was obtained by the Plaintiffs against defendant, Donald Vibbert, in the amount of $1,054.34, plus 12% interest per annum from the judgment date of March 24, 2005, until satisfaction, plus court costs expended therein in the amount of $88.00, in addition to attorney fees, if provided in said judgment.

PURSUANT TO KRS. 426.720, A JUDGMENT LIEN SHALL ATTACH TO ALL REAL PROPERTY IN WHICH DEFENDANT(S) MAY HAVE AN INTEREST.

This judgment creditor hereby certifies that a copy of this Notice of Judgment Lien was on the date hereof placed in the U.S. Mail, regular first class, postage prepaid, and addressed as follows: Donald Vibbert, 505 Bakerton Road, Burkesville, KY 42717.

NOTICE TO JUDGMENT DEBTOR.  You may be entitled to an exemption under KRS 427.060, reprinted below. If you believe you are entitled to assert an exemption, seek legal advice.

427.060. Homestead and burial plot exemptions - Exceptions. - In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed five thousand dollars ($5,000.00) in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon.  This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon.  (1702: amend. Acts

Exhibit H

349

1980, ch. 236, Section 4, effective April 9, 1980.)

This Notice of Judgment Lien shall act as a lien upon all real property in which the

judgment debtor(s) has any ownership interest in this Commonwealth.

This communication is from a debt collector.

This 31 day of _MARCH_, 2005.

HOY P. HODGES
319 E. 10th Avenue
P.O. Box 1865
Bowling Green, KY 42102
(270)793-0065

HOY P. HODGES
Attorney for Plaintiffs

THIS INSTRUMENT PREPARED BY:

HOY P. HODGES
319 E. 10th Avenue
Bowling Green, KY 42101

STATE OF KENTUCKY
COUNTY OF CUMBERLAND, SCT.,
This instrument was filed for record on the 14th day of
_____ and duly
recorded in ____ Book No. 9 Page No. 348
of the records in this office.
Given under my hand this the 9th day
of _____ 20__.
LYNN W. CONNERS, CLERK
_____ D.C.

HC-29142#913666/maf

10/06   No. 05-C-149

Cumberland District Court
Division

NOTICE OF
JUDGMENT LIEN
ON REAL ESTATE

JUDGMENT DEBTOR:                          JUDGMENT CREDITOR:

Mark Vibbert                              MRC Receivables Corp.
62 Taylor Rd                             Judgment Amount: $1,436.21
Burkesville, Kentucky 42717              Interest rate:   12.000%
                                         from April 19, 2006 until paid
                                         Judgment Date: March 18, 2006

THE FILING OF THIS NOTICE IN THE COUNTY CLERK'S OFFICE BELOW ACTS AS A LIEN UPON
ALL REAL ESTATE IN THAT COUNTY, IN WHICH THE JUDGMENT DEBTOR HAS ANY OWNERSHIP
INTEREST.

TO THE CLERK OF THE COUNTY STATED BELOW:

Pursuant to KRS 426.720, you shall immediately enter this Notice of Judgment
Lien in the lis pendens records of your office, to act as a lien upon all real
estate in your County in which the above JUDGMENT DEBTOR has any ownership
interest. You shall note your entry upon the original of this Notice, and return a
copy thereof to the attorney for Judgment Creditor whose name and address are
below.

TO: Cumberland County Clerk        NOTICE TO JUDGMENT DEBTOR:
                                   YOU MAY BE ENTITLED TO AN EXEMPTION UNDER
                                   KRS 427.060, REPRINTED BELOW. IF YOU
                                   BELIEVE YOU ARE ENTITLED TO ASSERT
                                   AN EXEMPTION, SEEK LEGAL ADVICE.

KRS 427.060: "In addition to any exemption of personal property, an
individual debtor's aggregate interest, not to exceed five thousand dollars
($5,000.00) in value, in real or personal property that such debtor or a dependent
of such debtor uses as a permanent residence in this state, or in a burial plot for
such debtor or a dependent of such debtor is exempt from sale under execution,
attachment or for purchase money due thereon. This exemption shall not apply if the
homestead or for purchase money due thereon. This exemption shall not apply if the
debt or liability existed prior to the purchase of the property or the erection of
the improvements thereon."

I certify that a copy of this Notice of Judgment Lien on Real Estate has been
hand-delivered or mailed to the last known address of the above judgment debtor and
to the Circuit Clerk below, by regular first-class mail, postage pre-paid, on the
following date: _____

_____, Counsel for Judgment Creditor

The plaintiff's counsel is attempting to collect a debt and any information
the plaintiff's counsel obtains will be used for that purpose and this
communication is from a debt collector.

TO: Cumberland District Court Clerk

PREPARED BY:                       STATE OF KENTUCKY
Mapother & Mapother P.S.C.         COUNTY OF CUMBERLAND, SCT.,

BY: _____

     801 West Jefferson Street
     Louisville, Kentucky 40202
     502-992-1218
              Ashley A. Lawson          LYNN W. GROCE

EXHIBIT I

COMMONWEALTH OF KENTUCKY
**Cumberland District Court**
15C00073

298

Jefferson Capital Systems LLC
c/o Fenton & McGarvey Law Firm, P.S.C.
2401 Stanley Gault Parkway
Louisville, KY 40223

PLAINTIFF/JUDGMENT CREDITOR

vs.

Debra K Vibbert
62 Taylor Rd
Burkesville KY 42717-0000

DEFENDANT/JUDGMENT
DEBTOR

SS#

### NOTICE OF JUDGMENT LIEN ON REAL ESTATE

Take notice that the Judgment Creditor herein has obtained a judgment against the Judgment Debtor in the amount of the Judgment Amount identified below and that this Notice constitutes a lien upon all real estate in Cumberland County in which said Judgment Debtor has any ownership interest.

**DATE OF JUDGMENT:** February 4, 2016
**JUDGMENT AMOUNT:**

Principal Amount: $552.47
Current Balance Due: $552.47, plus court costs with interest at 12% per annum.

**NOTICE TO JUDGMENT DEBTOR:** YOU MAY BE ENTITLED TO AN EXEMPTION UNDER KRS 427.060, REPRINTED BELOW. IF YOU BELIEVE YOU ARE ENTITLED TO ASSERT AN EXEMPTION, SEEK LEGAL ADVICE.

**KRS 427.060:** In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed Five Thousand Dollars ($5,000.00) per person, in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment, or judgment, except to foreclose a mortgage given by the owner of a homestead, or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase or the erection of the improvements thereon.

**INSTRUCTIONS TO COUNTY CLERK:** Pursuant to KRS 426.720, you shall immediately enter this Notice of Judgment Lien on Real Estate in the Lis Pendens Records of Cumberland County. Entry shall be noted upon the original of this Notice, and a copy returned to FENTON & McGARVEY LAW FIRM, P.S.C. as indicated above.

**CERTIFICATE OF MAILING:** The undersigned certifies that on **MAR 0 4 2016**, a copy of this Notice of Judgment Lien on Real Estate was mailed by regular first-class mail, postage prepaid to the above Judgment Debtor at the last known address stated above.

THIS INSTRUMENT PREPARED BY:

FENTON & McGARVEY LAW FIRM, P.S.C.

FENTON & McGARVEY LAW FIRM, P.S.C.

K. Tarra Ragan, Counsel for Plaintiff/Judgment Creditor
2401 Stanley Gault Pkwy
Louisville, KY 40223
502-560-6700

K. Tarra Ragan, Counsel for Plaintiff/Judgment Creditor
2401 Stanley Gault Pkwy
Louisville, KY 40223

**THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

14J18287 - vjlx.frm -V:834

STATE OF KENTUCKY
COUNTY OF CUMBERLAND, SCT.,
This instrument was filed for record on the 11 day of
March 20 16 at 2:40 o'clock P M, and duly
Recorded in LP Book No 17 Page No 298
of the records in this office.
Given under my hand this the 14 day
of March 20 16
KIM KING, CLERK.
Elizabeth Anderson D.C.

Exhibit J

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

1:18-cv-26-GNS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

MARK VIBBERT, ET AL.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant CUMBERLAND
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☑ 1 U.S. Government
     Plaintiff

☐ 3 Federal Question
     (U.S. Government Not a Party)

☐ 2 U.S. Government
     Defendant

☐ 4 Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☑ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1345
Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $70,453.94

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE

DOCKET NUMBER

DATE
2/22/2018

SIGNATURE OF ATTORNEY OF RECORD
s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# United States District Court

### WESTERN       DISTRICT OF       KENTUCKY
### AT BOWLING GREEN

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:18-cv-26-GNS

**v.**

Mark Vibbert, et al.

**TO:**   (Name & Address of Defendant)

      MARK VIBBERT
      62 Taylor Road
      Burkesville, KY 42717

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

      William F. Campbell
      Assistant U.S. Attorney
      United States Attorney's Office
      717 West Broadway
      Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____2/22/2018_____
**CLERK**                                                                            DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐ Served personally upon the defendant.  Place where served:

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐ Returned unexecuted:

_____
_____
_____

☐ Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on _____    _____
                          Date                              Signature of Server

_____

[1]     **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** _____ **DISTRICT OF** _____ **KENTUCKY**
**AT BOWLING GREEN**

United States of America                                    **SUMMONS IN A CIVIL CASE**

                                                  CASE NUMBER:   1:18-cv-26-GNS

                              **v.**

Mark Vibbert, et al.

**TO:**     (Name & Address of Defendant)

          DEBRA VIBBERT
          62 Taylor Road
          Burkesville, KY 42717

          **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

               William F. Campbell
               Assistant U.S. Attorney
               United States Attorney's Office
               717 West Broadway
               Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

_____                  ____2/22/2018_____
**CLERK**                                                   DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐ Served personally upon the defendant.  Place where served:

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐ Returned unexecuted:

_____
_____
_____

☐ Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____          _____
              Date                                  Signature of Server

_____

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
**AT BOWLING GREEN**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:18-cv-26-GNS

**v.**

Mark Vibbert, et al.

**TO:**   (Name & Address of Defendant)

DEBBIE SUE BASS, as heir of
Donald Vibbert
273 Baptist Ridge Highway
Apt. HY
Hilham, TN 38568-5601

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY 40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____     _____2/22/2018_____
**CLERK**                                                      DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | Date |
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐   Returned unexecuted:

_____
_____
_____

☐   Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|
| | | |

### DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____      _____
                  Date                           Signature of Server

---

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
**AT BOWLING GREEN**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:18-cv-26-GNS

**v.**

Mark Vibbert, et al.

**TO:**    (Name & Address of Defendant)

```
CUMBERLAND COUNTY HOSPITAL
SERVE: Hoy P. Hodges or Authorized Agent
319 East 10th Avenue
Bowling Green, KY 42101
```

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____     ___2/22/2018_____
**CLERK**                                                                              DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐   Returned unexecuted:

_____
_____
_____

☐   Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____          _____
                         Date                                          Signature of Server

_____

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

__WESTERN__ _____ __DISTRICT OF__ _____ __KENTUCKY__
### AT BOWLING GREEN

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:18-cv-26-GNS

**v.**

Mark Vibbert, et al.

**TO:**   (Name & Address of Defendant)

```
MRC RECEIVABLES CORP.
SERVE: Mapother & Mapother, PSC
801 West Jefferson Street
Louisville, KY 40202
```

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____     2/22/2018_____
**CLERK**                                    DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐  Served personally upon the defendant.  Place where served:

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐  Returned unexecuted:

_____
_____
_____

☐  Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on _____     _____
                              Date                                          Signature of Server

_____

[1]    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
**AT BOWLING GREEN**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:18-cv-26-GNS

**v.**

Mark Vibbert, et al.

**TO:**   (Name & Address of Defendant)

```
MRC RECEIVABLES CORP.
SERVE: Highest Officer
8875 Aero Drive
San Diego, CA 92123
```

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____                    2/22/2018
**CLERK**                                                                          DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐     Served personally upon the defendant.  Place where served:

_____

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐     Returned unexecuted:

_____
_____
_____

☐     Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____      _____
                     Date                                  Signature of Server

---

[1]     **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

### WESTERN _____ DISTRICT OF _____ KENTUCKY
### AT BOWLING GREEN

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:18-cv-26-GNS

**v.**

Mark Vibbert, et al.

**TO:**   (Name & Address of Defendant)

```
JEFFERSON CAPITAL SYSTEM, LLC
SERVE: Fenton & McGarvey Law Firm, PSC
2401 Stanley Gault Parkway
Louisville, KY 40223
```

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
**CLERK**

2/22/2018
_____
DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

---

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____    _____

                      Date                              Signature of Server

---

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** _____ **DISTRICT OF** _____ **KENTUCKY** _____
**AT BOWLING GREEN**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  1:18-cv-26-GNS

**v.**

Mark Vibbert, et al.

**TO:**     (Name & Address of Defendant)

        JEFFERSON CAPITAL SYSTEM, LLC
        SERVE: Corporation Service Company
        421 West Main Street
        Frankfort, KY 40601

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

        William F. Campbell
        Assistant U.S. Attorney
        United States Attorney's Office
        717 West Broadway
        Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        2/22/2018
**CLERK**                          DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____         _____
                              Date                                                   Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**